UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS TRUMAN,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DZURENEA, et al.,<br><br>Defendants. | Case No.: 2:24-cv-02393-GMN-NJK<br><br>**ORDER**<br><br>(Docket No. 3) |

On December 23, 2024, *pro se* plaintiff Curtis Truman, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted a complaint under 42 U.S.C. § 1983. Docket No. 1-1. Plaintiff neither paid the $405 filing fee for this action nor applied to proceed *in forma pauperis*. *See* Docket No. 1. Plaintiff later filed a motion asking the Court to direct the NDOC to provide his financial documents, arguing he has had difficulty getting them from prison officials. Docket No. 3.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the

filing fee, it just means that the inmate can pay the fee in installments.  *See* 28 U.S.C. § 1915(b).

When inmates have difficulty obtaining the required financial certificate and inmate account statement for the previous six-month period from prison officials, this Court has required them to complete and file the first three pages of the application to proceed *in forma pauperis* on the Court's approved form together with a declaration demonstrating that the plaintiff has done all that is possible to acquire the documents from the appropriate officials.  The plaintiff's declaration must include dates that he requested his financial documents from detention officials, dates of his follow-up requests, names of the officials he spoke to about the matter, and their responses.  If the plaintiff's declaration demonstrates that he has done all that was possible to obtain his financial documents from detention officials, and he completes and files the first three pages of the approved form, the Court will consider his application to be complete.

Plaintiff's motion does not satisfy this burden.  Plaintiff vaguely argues that he asked multiple caseworkers to sign documents and even raised the issue with the warden, to no avail.  Docket No. 3.  Plaintiff has not filed the first three pages of the approved application and a declaration showing that he has done all that is possible to obtain his financial documents from prison officials.  Plaintiff instead filed an inmate request form that purports to show he failed to follow the prison's procedures to obtain his financial documents.  *Id.* at 3.  He filed another form purporting to show that he raised this issue with the warden on December 1 or 30, 2024.  *Id.* at 5.

Accordingly, for the reasons stated above,

IT IS ORDERED that the motion for a court order requiring prison officials to provide financial documents, Docket No. 3, is **DENIED**.

IT IS FURTHER ORDERED that, no later than **March 7, 2025**, Plaintiff must either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice.  A dismissal without prejudice allows

Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff Curtis Truman the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint, Docket No. 1, but not file it at this time.

IT IS SO ORDERED.

DATED: January 6, 2025.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE